IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 18 AM 11: 20

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| ELECTRIC INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-3015 Ml/P |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Nationwide Mutual Insurance Company's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Complaint, filed February 11, 2005. Plaintiff filed an opposition on March 8, 2005. For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.

## I. BACKGROUND AND RELEVANT FACTS

The instant case is an action brought by Plaintiff Electric Insurance Company ("EIC") against Defendant Nationwide Mutual Insurance Company ("Nationwide") relating to Defendant's alleged failure to settle an insurance claim within the policy limit. Defendant moves to dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

According to Plaintiff's Complaint, both parties to this case provided liability insurance coverage to George C. Masterson ("Mr. Masterson"), a resident of Shelby County, Tennessee. Nationwide was Mr. Masterson's primary insurance carrier and provided coverage up to a policy limit of $500,000. EIC provided excess insurance coverage above that amount to Mr. Masterson.

In late 2002, Mr. Masterson was sued in the Circuit Court for Shelby County, Tennessee for personal injuries sustained in an automobile accident. In that suit, the plaintiff sought $1,000,000 in damages from Mr. Masterson. Nationwide retained counsel to represent Mr. Masterson and defend against the suit. Mr. Masterson did not retain his own counsel and relied entirely on Nationwide and the attorneys it retained to advise and defend this suit.

Prior to the state court trial, Nationwide decided, allegedly over Mr. Masterson's objection, to admit liability and litigate the case solely on the issue of damages. Plaintiff contends that, during the course of trial, Nationwide was presented with the opportunity to settle the suit for an amount within the coverage limit of the Nationwide insurance policy. Plaintiff also contends that Mr. Masterson was not advised of the opportunity to settle for an amount within the Nationwide policy limit until after the trial was over. EIC, however, learned of this opportunity and repeatedly demanded that Nationwide settle

2

the case within the policy limit. Nonetheless, Nationwide did not settle the case and the jury rendered a verdict against Mr. Masterson in the amount of $700,000. Nationwide paid $500,000 of that judgment pursuant to its insurance policy.

EIC, under its excess insurance policy with Mr. Masterson, negotiated a final resolution of the remaining claims against Mr. Masterson for $185,000. Pursuant to that resolution, EIC took an assignment of any and all claims Mr. Masterson might have against Nationwide arising from its handling of the state court case.

## II. STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a [claim under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

3

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's Complaint in its entirety because a claim for failure to settle an insurance claim in bad faith is allegedly not assignable, and because Tennessee law does not recognize any duty owed by a primary insurance carrier to an excess insurance carrier. Plaintiff contends that such claims are assignable under Tennessee law; that this Court should recognize a duty owed by a primary insurance carrier to an excess carrier; or, alternatively, that the Court should only dismiss certain counts of the Complaint to which Defendant's contentions relate. Plaintiff's Complaint asserts five separate counts, which the Court will address in turn.

Count One of Plaintiff's Complaint asserts, based upon Mr. Masterson's assignment of the claim to EIC, that Nationwide breached its duty of good faith to Mr. Masterson by failing to settle his claim within the Nationwide policy limit. A cause of action against an insurer for alleged bad faith or negligence in refusing to settle an insurance claim within the policy limit, however, is not assignable under Tennessee law. Dillingham v. Tri-State Ins. Co., 381 S.W.2d 914, 917-19 (Tenn. 1964); Dukes v. Castle, 1985 Tenn. App. LEXIS 2592 at *15 (Tenn Ct. App. Jan. 10, 1985).[1] Mr. Masterson's claim for bad faith failure to settle an

---

[1] Plaintiff cites Can Do, Inc. v. Manier, Herod, Hollabaugh and Smith, 922 S.W.2d 865 (Tenn Ct. App. 1996), for the premise
(continued...)

4

insurance claim within the policy limit is therefore not assignable. Accordingly, Defendant's motion to dismiss Count One of Plaintiff's Complaint is GRANTED and Count One of Plaintiff's Complaint is DISMISSED.

Count Two of Plaintiff's Complaint asserts that the insurance policy issued by EIC to Mr. Masterson provides EIC a right of subrogation to pursue any claims Mr. Masterson might have against a third party, including Nationwide. In its motion to dismiss, Defendant contends that a claim for bad faith failure to settle an insurance claim may not be assigned. A right to subrogation, however, is not an assignment. <u>Almany v. Nationwide Ins. Co.</u>, No. 85-341-II, 1987 Tenn. App. LEXIS 2460, *13 (Tenn. Ct. App. Jan. 29, 1987)(citing <u>Wilson v. Tennessee Farmers Mutual Ins. Co.</u>, 411 S.W. 2d 699, 701 (Tenn. 1966)). Rather, subrogation is "an equitable doctrine designed to obtain substantial justice and to prevent wrongdoing" that "arises when a person, even if for his own benefit, pays a debt for which

---

(...continued)
that the rule against assignment of causes of action is the exception and that assignability is the general rule. 922 S.W.2d at 867. However, although the <u>Can Do</u> Court noted that "contract-based chose[s] in action, except those involving matters purely personal in nature, [are] assignable" and that "[t]ort actions involving injuries to property are also assignable," 922 S.W.2d at 867 (citations omitted), the Court specifically recognized that, under Tennessee law, "tort actions involving personal injuries and wrongs done to the person, reputation, or feelings of the injured party continue to be unassignable." <u>Id.</u> (citations omitted). Accordingly, the <u>Can Do</u> decision did not alter the Tennessee Supreme Court's holding in <u>Dillingham</u>.

5

another is also liable." Id. at *12-13 (citations omitted). An insurer is generally subrogated to the rights its insured had against others when the insurer pays its insured's claim. Id. (citing Lancaster Mills v. Merchants Cotton-Press & Storage Co., 14 S.W. 317, 330 (Tenn. 1890)). Here, Plaintiff alleges that those rights include the right to subrogation regarding Plaintiff's claim against Nationwide for bad faith failure to settle within Plaintiff's policy limits. In its motion to dismiss, Defendant makes no argument and points to no legal authority regarding the propriety of EIC's asserted contractual right of subrogation. Accordingly, Defendant's motion to dismiss Count Two of Plaintiff's Complaint is DENIED.

Count Three of Plaintiff's Complaint asserts that Nationwide owed EIC a duty to settle Mr. Masterson's state court litigation within the Nationwide policy limit, that Nationwide breached that duty, and that Nationwide acted in bad faith in breaching that duty. In determining whether a cause of action exists under Tennessee law, this Court looks to the precedents of the Tennessee Supreme Court and the Tennessee Courts of Appeal. See Arnett v. Myers, 281 F.3d 552, 565 (6th Cir. 2002). Plaintiff concedes, however, that no authority exists under Tennessee law for the premise that a primary insurance carrier owes any duty to an excess insurance carrier to settle a claim within the primary insurance carrier's policy limit. (Pl.'s Mem. in Opp. to Def.'s

6

Mot. to Dismiss at 3.) Accordingly, Defendant's motion to dismiss Count Three of Plaintiff's Complaint is GRANTED and Count Three is DISMISSED.

Count Four of Plaintiff's Complaint alleges that Nationwide failed in bad faith to pay EIC, as the assignee of Mr. Masterson, $185,000 paid out pursuant to the excess insurance policy and therefore that Nationwide is subject to a statutory penalty pursuant to Tennessee Code Annotated 56-7-105(a).[2] However, as the Court has noted, claims for bad faith failure to settle insurance claims are not assignable under Tennessee law.

---

[2] Tennessee Code Annotated § 56-7-105 is titled "Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly" and provides, in relevant part, as follows:
> (a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code Ann. § 56-7-105.

7

Dillingham, 381 S.W.2d at 917-19; Dukes, 1985 Tenn. App. LEXIS 2592 at *15. Accordingly, Defendant's motion to dismiss Count Four of Plaintiff's Complaint is GRANTED and Count Four is DISMISSED.

Count Five of Plaintiff's Complaint asserts that Defendant is liable to Plaintiff based upon Mr. Masterson's assignment of a claim that Defendant committed unfair and deceptive practices in violation of the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-109 *et seq*. In particular, Plaintiff contends that Nationwide "failed to satisfy its duty of trust towards Masterson" by not advising Mr. Masterson of settlement discussions and offers regarding the state court litigation - specifically that the state court litigation could have been settled within the Nationwide policy limit. (See Pl.'s Compl. ¶ 36.)

The parties point to, and the Court has found, no authority supporting Plaintiff's contention that claims under the Tennessee Consumer Protection Act are assignable. Moreover, as noted by the Can Do Court, "tort actions involving personal injuries and wrongs done to the person, reputation, or feelings of the injured party [are] unassignable" under Tennessee law. Can Do, 922 S.W.2d at 867 (citations omitted). Additionally, Plaintiff's assignment theory has already been rejected as to Counts One and Four of Plaintiff's Complaint. For the Court to then allow an

8

insured's asserted functionally equivalent cause of action under the Tennessee Consumer Protection Act to be assigned, in the face of the clear direction of the Tennessee Courts, would recognize an exception in the Tennessee law that subsumes the Tennessee rule. Accordingly, Defendant's motion to dismiss Count Five of Plaintiff's Complaint is GRANTED and Count Five is DISMISSED.

### IV. CONCLUSION

For the reasons stated, Defendant's motion to dismiss Plaintiff's Complaint is GRANTED in part and DENIED in part. Defendant's motion to dismiss is GRANTED as to Counts One, Three, Four, and Five of Plaintiff's Complaint. Accordingly, those claims are DISMISSED. Defendant's motion to dismiss is DENIED, however, as to Count Two of Plaintiff's Complaint.

So ORDERED this 17 day of August, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 16 in case 2:04-CV-03015 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

Parks T. Chastain
BREWER KRAUSE & BROOKS
611 Commerce Street
Ste. 2600, The Tower
Nashville, TN 37203

John B. Starnes
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Lawrence C. Maxwell
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
165 Madison Avenue
2000 First Tennessee Building
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT